An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ESTATE OF WILLIAM GEORGE DYER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
  and
VICKY GUERNIER; DARRELL
GUERNIER; GUSTAVO GRANADOS;
AND ROSA GRANADOS,
Real Parties in Interest.

No. 63963

**FILED**

FEB 03 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



*ORDER DENYING PETITION*

Original petition for a writ of prohibition challenging a district court order denying a motion to quash service of process. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

This case arises from an automobile accident involving William Dyer. Dyer died before real parties in interest could serve him with their complaint, requiring them to initiate a probate proceeding to appoint a special administrator for that purpose. Because that appointment did not strictly comply with NRS 140.020 and NRS 140.030, petitioner filed a motion to quash for insufficient service of process. After the district court denied that motion, petitioner filed an emergency writ petition. We denied that petition.

 

15-03635

Subsequently, the jury returned a verdict in favor of real parties in interest, who then filed a motion for additur with an alternative motion for a new trial. The district court granted the latter. Petitioner then filed a motion for reconsideration of the order granting a new trial and, while that motion was pending, filed an appeal from that same order. After the district court denied reconsideration, petitioner filed an emergency motion to stay the proceedings below. Upon granting the stay, we filed an order for petitioner to show cause as to why we should not dismiss that portion of the appeal related to the motion to quash for lack of jurisdiction. Petitioner then filed this writ petition, which is virtually identical to its previously filed petition.

Petitioner contends that its petition for a writ of prohibition merits this court's consideration because the district court committed legal error and the petition raises an important issue of law requiring clarification. Generally, "'[a] writ of prohibition is the appropriate remedy for a district court's erroneous refusal to quash service of process.'" *Casentini v. Ninth Judicial Dist. Court*, 110 Nev. 721, 724, 877 P.2d 535, 537-38 (1994). Nevertheless, writ relief is issued at the discretion of this court. *Aspen Fin. Servs., Inc. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 313 P.3d 875, 877-78 (2013).

We decline to consider this petition for two reasons. First, we previously considered and denied petitioner's virtually identical writ petition related to the same underlying case. And, second, we are unconvinced that the remedy available if we granted this petition would

be anything but a new trial—the very thing that the district court has already granted.[1]

     We therefore ORDER the petition DENIED.



_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry


cc:    Hon. Jerry A. Wiese, District Judge
       Barron & Pruitt, LLP
       Richard Harris Law Firm
       Marquis Aurbach Coffing
       Eighth District Court Clerk

---

[1]We note that despite this, petitioner is appealing the district court's order granting a new trial.