129 Nev., Advance Opinion 96

# IN THE SUPREME COURT OF THE STATE OF NEVADA

COUNTY OF CLARK, NEVADA, AND MARK SCHOFIELD, IN HIS OFFICIAL CAPACITY AS CLARK COUNTY ASSESSOR,
Appellants,
vs.
LB PROPERTIES, INC., AN ILLINOIS CORPORATION,
Respondent.

No. 57082

**FILED**

DEC 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order setting aside the Nevada Tax Commission's decision upholding the County Assessor's assessment of a remainder parcel for tax abatement purposes. First Judicial District Court, Carson City; Robert E. Rose, Senior Judge.

*Reversed.*

Steven B. Wolfson, District Attorney, and Paul D. Johnson, Deputy District Attorney, Clark County,
for Appellants.

Lionel Sawyer & Collins and William J. McKean, Reno; Frazer Ryan Goldberg & Arnold LLP and Douglas S. John, Phoenix, Arizona,
for Respondent.

BEFORE THE COURT EN BANC.

13-37512

*OPINION*[1]

By the Court, PICKERING, C.J.:

In this appeal we consider whether a regulation promulgated by the Nevada Tax Commission to value remainder parcels of real property for tax abatement purposes applies retroactively.

I.

In 2005, the Legislature enacted NRS 361.4722, which caps real property taxes by providing partial tax abatements calculated with reference to assessed valuations for the preceding fiscal year on, as relevant here, remainder parcels of real property.[2] The abatement statute generally requires a remainder parcel's prior-year assessed valuation to be determined as if it "had been separately established for that property for that prior fiscal year based upon all the assumptions, costs, values, calculations and other factors and considerations that would have been used for the valuation of that property for that prior fiscal year." NRS 361.4722(2)(a)(1). The Legislature did not provide additional specifics. Instead, it delegated authority to the Nevada Tax Commission (NTC) to adopt implementing regulations. *See* NRS 361.4722(5) ("The Nevada Tax

---

[1]We originally resolved this appeal in a nonprecedential order of reversal. Appellant filed a motion to publish the order as an opinion. We grant the motion and replace our earlier order with this opinion. *See* NRAP 36(f).

[2]"[R]emainder parcel of real property' means a parcel of real property which remains after the creation of new parcels of real property for development from one or more existing parcels of real property, if the use of that remaining parcel has not changed from the immediately preceding fiscal year." NRS 361.4722(6).

 

Commission shall adopt such regulations as it deems appropriate to ensure that this section is carried out in a uniform and equal manner.").

Exercising its delegated authority, the NTC promulgated NAC 361.61038, effective March 23, 2007, which sets forth an apportionment formula for calculating remainder-parcel property values for purposes of NRS 361.4722. Both the regulation's valuation method and the assessor's prior approach are complex, but they can be summarized as follows: The regulation adopts an apportionment formula and calculates taxable value by determining the percent of value the smaller parcel contributed to the larger parcel during the fiscal year, thus assigning a pro-rata share to the remainder parcel. The assessor's prior approach had been to determine taxable value by calculating what the property would have been worth had it existed as a separate piece of land during the relevant tax year, and included consideration of factors such as size, shape, topography, and the value of comparable parcels.

The parcel at issue is owned by respondent LB Properties, Inc. It was divided from a larger piece of land before the regulation's enactment and, the parties concede, is properly characterized as a "remainder parcel" under NRS 361.4722(6), *reprinted supra* note 2. Appellant, the Clark County Assessor, valued the land under the multifactored approach he used before NAC 361.61038 was enacted. Seeking application of the new regulation's apportionment formula, LB Properties appealed to the NTC. The NTC assigned an administrative law judge to the case, who determined that NAC 361.61038 should apply. The NTC disagreed. It upheld the Assessor's valuation and declined to apply its new regulation retroactively. LB Properties petitioned for judicial

review. The district court reversed the NTC and directed it to apply NAC 361.61038 to LB Properties' remainder parcel.

## II.

The parties primarily dispute whether NAC 361.61038 applies retroactively and, if so, whether it conflicts with the Nevada Constitution, Article 10, Section 1, and is void as a result.[3] Because the regulation does not apply retroactively, this court need not reach the Assessor's challenge to its constitutionality. We also reject LB Properties' constitutional challenge to the Assessor's preregulation, multifactor approach.

### A.

"Retroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Thus, regulations generally only operate prospectively "unless an intent to apply them retroactively is clearly manifested." *State ex rel. State Bd. of Equalization v. Barta*, 124 Nev. 612, 622, 188 P.3d 1092, 1099 (2008); *accord Bowen*, 488 U.S. at 208 (statutory "enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result").

There are two types of regulations: legislative and interpretive. *Fmali Herb, Inc. v. Heckler*, 715 F.2d 1385, 1387 (9th Cir. 1983). Interpretive regulations construe, but do not expand upon, the terms of a statute. Legislative regulations, by contrast, are adopted under power delegated by the Legislature to an agency and establish substantive

---

[3]Article 10, Section 1 of the Nevada Constitution declares that "[t]he Legislature shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, real, personal and possessory."

rules that create standards of conduct and impose new rights or duties. *See, e.g., Jerri's Ceramic Arts, Inc. v. Consumer Prod. Safety Comm'n*, 874 F.2d 205, 207 (4th Cir. 1989) ("[A] substantive or legislative rule, pursuant to properly delegated authority, has the force of law, and creates new law or imposes new rights or duties."); *Slippery Rock Area Sch. Dist. v. Unemployment Comp. Bd. of Review*, 983 A.2d 1231, 1236 (Pa. 2009) ("[A] legislative regulation establishes 'a substantive rule creating a controlling standard of conduct.'" (quoting *Borough of Pottstown v. Pa. Mun. Ret. Bd.*, 712 A.2d 741, 743 (Pa. 1998))).

Despite the general rule against retroactivity, if a regulation is a first-time interpretive regulation, application to preexisting issues may be permissible. *Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 744 n.3 (1996). Thus, in *Smiley*, the Supreme Court approved application of an interpretive regulation that clarified an ambiguity the Legislature left for the agency to resolve, namely the definition of "interest." *Id.* at 740-41. *Compare Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1152 (9th Cir. 2003) (holding that first-time interpretive regulations are not generally retroactive and where the new regulation is an explicit break from prior practice or the agency has expressly stated application would be impermissibly retroactive, it may not be retroactively applied), *with Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) (holding that an agency pronouncement that "simply clarif[ies] an unsettled or confusing area of the law . . . does not change the law" and hence may be applied without having impermissible retroactive effect), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999).

LB Properties argues that NAC 361.61038 constitutes an interpretive regulation that should be accorded retroactive effect. We

cannot agree. NAC 361.61038 was promulgated by the NTC at the express direction of the Legislature in NRS 361.4722(5). It establishes a substantive rule for assessing and valuing remainder properties; it does not merely construe the meaning of the statute. Thus, NAC 361.61038 is legislative, not interpretive. NAC 361.61038's apportionment formula for valuing remainder parcels represents an explicit break from the approach taken by the Assessor, which, in the absence of the regulation, considered generally applicable factors such as land size and shape and looked at the separate value of the individual piece. Finally, NRS 361.4722(5) does not authorize, and NAC 361.61038 does not provide for, retroactive application. Indeed, the NTC ruled *against* LB Properties' contention that NAC 361.61038—a regulation that the NTC itself promulgated—applies to this matter.

Because NAC 361.61038 was not enacted until 2007 and the valuation at issue occurred prior to that time, application of the regulation would be impermissibly retroactive. The district court therefore erred by ordering the NTC to follow the administrative law judge's initial recommendation and value the land according to the apportionment formula set forth in the regulation.

### B.

In the absence of an applicable regulatory method of assessment, the question becomes whether the method the Assessor used was proper or whether it was itself in violation of Nevada law.

LB Properties argues that the Assessor's valuation method violated the holdings in *Barta* and *State ex rel. State Board of Equalization v. Bakst*, 122 Nev. 1403, 148 P.3d 717 (2006), because it was an "ad hoc standard" rather than a method formally promulgated by the agency. The district court determined, without analysis, that the

Supreme Court
OF
Nevada

(O) 1947A

6

Assessor's method of calculation was in violation of *Bakst*. We disagree, because the pre-2007 method does not inherently lend itself to inconsistent application.

*Bakst* and *Barta* dealt with a county assessor's authority under NRS 361.260 to substantially deviate from statutorily mandated methods of assessing land. *See Bakst*, 122 Nev. at 1414-15, 148 P.3d at 725; *Barta*, 124 Nev. at 620-21, 188 P.3d at 1098. In *Bakst*, the assessor used a unique method to adjust property values—one not consistent with others used throughout the state. 122 Nev. at 1406, 1411, 1414, 1416, 148 P.3d at 719, 722-23, 725-26. In deeming the assessor's methods unconstitutional, this court held that our Constitution requires "that the methods used for assessing taxes throughout the state must be uniform." *Id.* at 1413, 148 P.3d at 724 (internal quotations omitted); *see also Barta*, 124 Nev. at 624, 188 P.3d at 1100 (citing *Bakst* and stating that "methods used to value taxpayers' properties play a material role in ensuring that the constitutional guarantee of a uniform and equal rate of assessment" exist in property valuations).

But *Bakst* and *Barta* also recognize that the wide and varied differences in each property make it impossible to devise an absolute formula to determine value. *Bakst*, 122 Nev. at 1412, 148 P.3d at 723; *see also Barta*, 124 Nev. at 622, 188 P.3d at 1099 (upholding *Bakst* generally). Moreover, NRS 361.228(3) encourages consideration of property attributes "such as zoning, location, water rights, view and geographic features" in valuing a property, suggesting that valuations should account for all relevant attributes—perhaps even where consideration of a particular attribute is not codified by statute or regulation.

In contrast to *Bakst* and *Barta*, the record here supports the conclusion that the Assessor's method did not lead to unequal taxation—to the contrary, both the administrative law judge and the NTC recognized that it likely led to more equitable taxation than did the method set forth in NAC 361.61038. Indeed, the Assessor's method appears to be the one generally used prior to the regulation's enactment and appears in harmony with NRS 361.4722(2)(a)(1). Neither *Bakst* nor *Barta* states that *only* formal regulations may establish methods for assessing value. Since the Assessor's approach did not conflict with existing statute or practice, we conclude that the Assessor's methods did not violate the Constitution.

We therefore reverse.

_____, C.J.
Pickering

We concur:

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta