An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY, NEVADA, A
POLITICAL SUBDIVISION OF THE
STATE OF NEVADA; AND THE CLARK
COUNTY ASSESSOR,
Appellants,
vs.
STATE OF NEVADA, EX REL. NEVADA
TAX COMMISSION; AND HOWARD
HUGHES PROPERTIES, INC., A
NEVADA CORPORATION,
Respondents.

No. 64587

**FILED**

FEB 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review of a Nevada Tax Commission property tax decision. First Judicial District Court, Carson City; James E. Wilson, Judge.

Hughes Properties owned a 46.59 acre parcel of land (the master parcel) during the 2005-2006 fiscal year. Prior to the commencement of the 2006-2007 fiscal year, Hughes partitioned the master parcel into eight separate parcels. The 3.62 acre parcel at issue in this case (the subject parcel) is one of those eight parcels, and was subsequently designated as "vacant." The Assessor did not abate taxes on the subject parcel pursuant to NRS 361.4722.

Hughes filed a series of administrative petitions for review seeking partial tax abatement for the subject parcel pursuant to NRS 361.4722. Hughes argued that the subject parcel's use had not changed in the prior fiscal year and that according to the new "remainder

15-05437

regulations,"[1] the subject parcel was a "remainder parcel" that was entitled to partial tax abatement. The Nevada Tax Commission (NTC) referred the case to a Chief Administrative Law Judge (ALJ).

The ALJ held a hearing, at which Hughes submitted approximately 20 exhibits demonstrating other instances in which the Assessor retroactively applied the remainder regulations, and as a result, either treated the "smaller" newly created parcel as the remainder parcel or allowed for all newly created parcels to be categorized as the remainder parcel. In response, the Assessor explained that it attempted to effectuate the legislative purpose behind NRS 361.4722 by trying to determine the property owner's intent; and in this case, because another newly created parcel was, at a size of 16.62 acres, much larger than the subject parcel, it appeared that the owner's intent was for the subject parcel to be a "new parcel for development" (NPD). In sum, the primary issue was whether the Assessor should evaluate only whether the parcel's use has changed, as provided in NAC 361.61034(3), or whether the Assessor should evaluate the relative size of the new parcels along with other circumstantial

---

[1]The so-called "remainder regulations" were promulgated by the Nevada Tax Commission—effective March 23, 2007—to provide a methodology to evaluate whether a newly created parcel is eligible for a partial abatement of property taxes. NAC 361.61032. Specifically, NAC 361.61034(1) states that all new parcels "must be separately evaluated to determine whether there has been any change in the use of the property." The remainder regulations require this evaluation because NAC 361.61034(3) provides that if a newly created parcel's use has changed, then the parcel is a "new parcel for development," and may not receive a tax abatement, whereas if the use has not changed, then it is a remainder parcel, which may receive a tax abatement. NAC 361.61034(3).

considerations to determine if any parcels "remained" after the owner partitioned the NPDs.

The ALJ submitted his proposed findings of fact, conclusions of law, and decision (ALJ proposed decision) to the NTC, finding that the subject parcel should be treated as a remainder parcel, and therefore subject to the tax abatement. The ALJ found that treating the subject parcel as a remainder parcel was "in accordance with NRS 361.4722, and NAC 361.61002 to 361.61038." The ALJ also recommended that the amount of the abatement should be determined using the apportionment formula set forth in NAC 361.61036. The NTC did not initially adopt the ALJ proposed decision, finding instead that the Assessor's original interpretation of the statutes was appropriate (the first NTC decision).

After two separate petitions for judicial review, the district court voided the NTC's decision. The district court found that the ALJ decision was logical and well written, and that the Assessor's methodology applied different standards to different properties, equating to a non-uniform taxation in violation of Article X, Section 1, of the Nevada Constitution. Following two district court remands, the NTC ultimately reversed course and adopted the ALJ's proposed decision in its entirety (the third NTC decision).

The district court affirmed the third NTC decision, concluding that the Assessor had not met its burden of demonstrating that the decision was unsupported by substantial evidence or was arbitrary or capricious. Specifically, the district court found that the NTC did not retroactively apply the remainder regulations. Instead, it found that the NTC "applied the same standard as the remainder regulation[s], not because the standard had been codified, but because it was a reasonable

standard for determining whether the [s]ubject [p]arcel was a[n] [NPD]." (internal quotations omitted). As a result, the district court ruled that "in the absence of development activity [the subject parcel] should be treated as a remainder parcel." The Assessor now appeals.

*Standard of review*

"On appeal from orders deciding petitions for judicial review, this court reviews the administrative decision in the same manner as the district court," and without deference to the district court's decision. *Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev. ___, ___, 327 P.3d 487, 489 (2014); *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006) ("[T]his court affords no deference to the district court's ruling in judicial review matters.").

"We review the factual determinations of administrative agencies for clear error 'in view of the reliable, probative and substantial evidence on the whole record' or for an 'abuse of discretion.'" *Nassiri*, 122 Nev. at ___, 146 P.3d at 489 (quoting NRS 233B.135(3)(e), (f)). "Thus, factual findings will only be overturned if they are not supported by substantial evidence, which, we have explained, is evidence that a reasonable mind could accept as adequately supporting the agency's conclusions." *Id.*

We review questions of law de novo. *City of N. Las Vegas v. Warburton*, 127 Nev. ___, ___, 262 P.3d 715, 718 (2011). However, "[a]lthough statutory construction is generally a question of law reviewed de novo, this court 'defer[s] to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute.'" *Taylor v. Dep't of Health & Human Servs.*, 129 Nev. ___, ___, 314 P.3d 949, 951 (2013) (quoting *Dutchess Bus. Servs., Inc. v. Nev. State*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008) (alteration in original)). "[This] court may remand or affirm [a] final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is . . . [i]n violation of . . . statutory provisions." NRS 233B.135(3)(a). When interpreting an unambiguous statute we "impart it with [its] ordinary meaning and [do] not go beyond that meaning." *Star Ins. Co. v. Neighbors*, 122 Nev. 773, 776, 138 P.3d 507, 510 (2006).

*The NTC erred when it adopted the ALJ proposed decision because the ALJ proposed decision misapplied NRS 361.4722(6)*

The Assessor argues that the ALJ proposed decision and, subsequently, the third NTC decision, misinterpreted NRS 361.4722(6). The Assessor alleges that NRS 361.4722(6) requires a two prong analysis and that the aforementioned decisions ignored the first prong and mistakenly determined only the second prong. We agree.[2]

NRS 361.4722(6) defines a remainder parcel as:

[A] parcel of real property which remains after the creation of new parcels of real property for

---

[2]Another key point of contention in this case is whether or not the remainder regulations were applied retroactively. *See Cnty. of Clark v. LB Props., Inc.*, 129 Nev. ___, ___, 315 P.3d 294, 296 (2013) (explaining that legislative regulations generally may not be applied retroactively). We conclude, however, that whether or not the remainder regulations were applied retroactively is inconsequential at this point. As explained in this order, NRS 361.4722(6) requires a two prong analysis. The ALJ proposed decision ignored the first prong. Because we are reversing the district court order due to the ALJ's misapplication of NRS 361.4722(6), the issue of whether the ALJ retroactively applied the remainder regulations is moot.

development from one or more existing parcels of real property, if the use of that remaining parcel has not changed from the immediately preceding fiscal year.

Under this definition, a remainder parcel cannot exist without the formation of an NPD. And a parcel cannot be a remainder parcel if it underwent a change in use. Thus, the statute creates a two prong test for determining whether a parcel of land is a remainder parcel.

Under the first prong, upon the division of a larger parcel, the Assessor must determine if one of the subdivided parcels is an NPD. The Assessor must first identify if there is an NPD, because under NRS 361.4722(6), there cannot be a *remainder* parcel unless one of the other subdivided parcels is an NPD. For example, if fictional parcel A was completely divided into parcels B and C, both B and C cannot be remainder parcels because one must be an NPD. In other words, for B to be a remainder parcel, C would have to be an NPD, and vice versa. To determine whether a parcel is an NPD, the Assessor applies a multifactor approach. *See Cnty. of Clark*, 129 Nev. at ___, 315 P.3d at 296-97 (approving of the Assessor's multifactor approach in determining taxable value). The multifactor approach includes consideration of the size of the parcel, the money spent separating the parcel, how the parcel aligns with developed parcels in that area, and the zoning of the parcel. Upon completion of this analysis, after the Assessor determines which of the subdivided parcels is an NPD, the Assessor may proceed to NRS 361.4722(6)'s second prong with regard to the non-NPD parcels.

Under the second prong, once another parcel has been classified as an NPD, the Assessor examines whether the use of the subject parcel has changed, in order to determine if it is indeed a remainder parcel. *See* NRS 361.4722(6) (explaining that "if the use of that

*remaining parcel* has not changed from the immediately preceding fiscal year" then it is a remainder parcel (emphasis added)). If the parcel's use has changed, the parcel cannot be a remainder parcel.

In the present case, when the 46.59 acre master parcel was split, the Assessor applied the multi-prong approach and determined that the 3.62 acre subject parcel was an NPD and, thus, was not a remainder parcel. The ALJ proposed decision, however, which the NTC adopted and the district court affirmed, found that the subject parcel's use did not change and it, therefore, was a remainder parcel under NRS 361.4722.

We conclude that the reasoning applied by the ALJ proposed decision, which was subsequently adopted in the third NTC decision, is at odds with NRS 361.4722(6) because it merely takes into consideration the second prong, use change, and not the first prong, whether an NPD was created by the partition. Specifically, prior to determining that the subject parcel was a remainder parcel, the ALJ proposed decision did not determine whether another parcel partitioned from the master parcel was an NPD. Instead, the ALJ proposed decision concluded that the subject parcel was a remainder parcel simply because its use did not change. This one-sided analysis violated NRS 361.4722(6).[3] *See* NRS 233B.135(3)(a).

---

[3]Hughes argues that "there is no evidence in the record regarding whether the other seven parcels that were created at the same time as the subject parcel were considered remainder parcels or [NPDs]." Therefore, Hughes contends that the Assessor's argument that the ALJ proposed decision failed to comply with NRS 361.4722(6)'s two prong analysis is not justiciable because the argument is based on hypothetical facts, specifically that the other seven sub-divided parcels from the master parcel were designated as remainder parcels as well, thus requiring that the subject parcel be designated as an NPD. Hughes' justiciability
*continued on next page . . .*

Therefore, we conclude that the ALJ proposed decision, which the NTC adopted and the district court affirmed, was decided in err and prejudiced substantial rights of the Assessor.[4] Accordingly we,

ORDER the third NTC decision, which the district court affirmed, REVERSED AND REMAND this matter for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

*. . . continued*

argument, however, does not affect our conclusion because we are not basing our decision on how the other seven parcels were designated. We are simply concluding that the ALJ proposed decision misinterpreted NRS 361.4722(6) by failing to apply its first prong. That said, it is likely that on remand the administrative law judge will have to determine how the other seven parcels were classified in order to assess the first prong of NRS 361.4722(6). *Day v. Washoe Cnty. Sch. Dist.*, 121 Nev. 387, 389, 116 P.3d 68, 69 (2005) ("[T]his court has the inherent authority to remand administrative agency cases for factual determinations." (internal quotations omitted)).

[4]We have considered the parties' remaining arguments and conclude that it is unnecessary for us to reach their merits.

cc: Hon. James E. Wilson, District Judge
Clark County District Attorney/Civil Division
Fennemore Craig, P.C./Reno
Attorney General/Las Vegas
Carson City Clerk

SAITTA, J., with whom HARDESTY, C.J., and PARRAGUIRRE, J., agree, dissenting:

This case began over seven years ago. Prior to arriving at this court, this case was before an administrative law judge, the NTC multiple times, and various district court judges. Throughout this entire process, the primary issues have been: (1) how to assess "use change" in order to determine whether the subject parcel was a remainder parcel or an NPD, and (2) how to best calculate a tax abatement, if necessary. Now the majority chooses to shift the focus to whether or not one of the other seven sub-divided parcels of the master parcel was ever classified as an NPD, a fact not currently contained in the record. In analyzing this narrow issue, the majority fails to give the ALJ proposed decision proper deference, which led the majority to mistakenly reverse and remand. Instead, in my view, the third NTC decision should be affirmed because the ALJ proposed decision properly determined that the subject parcel was a remainder parcel and set forth the best methodology for calculating the requisite tax abatement.

The majority improperly reversed and remanded this case because it failed to afford proper deference to the ALJ's interpretation of NRS 361.4722(6). *See Taylor v. Dep't of Health & Human Servs.*, 129 Nev. ___, ___, 314 P.3d 949, 951 (2013) ("[T]his court defer[s] to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." (alteration in original) (internal quotations omitted)). Assuming that the majority's plain language reading of NRS 361.4722(6) is correct and that a two prong analysis is required, the ALJ proposed decision only satisfied the second prong because those were the only facts made available to it. The ALJ could not

decide whether any of the other seven sub-divided parcels split from the master parcel were ever classified as an NPD because the Assessor did not submit the requisite evidence for making that decision. Although perhaps not as complete as the majority would prefer, the ALJ's interpretation of NRS 361.4722(6) was within the language of NRS 361.4722(6). Consequently, once afforded the proper level of deference, the ALJ's interpretation of NRS 361.4722(6) was satisfactory and reversal and remand was unnecessary.

The ALJ proposed decision properly decided both primary issues and should have been affirmed. First, the ALJ utilized a proper methodology for assessing "use change." The ALJ, making it clear that he was using the remainder regulations as guidance and not precedent, implemented a more objective approach than the approach proposed by the Assessor, because he considered construction activity on the property. Then, in accordance with his methodology, the ALJ properly classified the subject parcel as a remainder parcel. Further, the subject parcel's classification as a remainder parcel conformed with the consistency, uniformity, and predictability requirements of NRS 360.291. Second, the ALJ's decision to implement the apportionment formula codified in the remainder regulations is preferable to the Assessor's comparable sales approach. Once again the ALJ acted properly because he simply used the remainder regulations as guidance.[1] Therefore, the ALJ proposed decision properly decided the primary issues and should have been affirmed.

---

[1] The ALJ's handling of both issues was proper because he did not apply the remainder regulations retroactively in either instance. *See Cnty. of Clark v. LB Props., Inc.*, 129 Nev. ___, ___, 315 P.3d 294, 296

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

In sum, today's reversal and remand essentially starts this seven year litigation anew with no clarity as to the primary issues. The majority's failure to show the ALJ proposed decision the proper deference has created a scenario where this court will likely face the exact same questions once again after this case goes through another round of administrative hearings and district court proceedings. Therefore, I dissent.

_____, J.
Saitta

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____

. . . continued

(2013) (explaining that a regulation may only be applied prospectively unless an intent to apply it retroactively was clearly manifested or the regulation does not establish a substantive rule that creates a standard of conduct and imposes new rights or duties).