# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
GREEN TREE SERVICING, LLC; AND
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, D/B/A FANNIE MAE, A
GOVERNMENT SPONSORED ENTITY,
Respondents.

No. 72010

**FILED**

DEC 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Respondent Fannie Mae purchased a real property loan (the note and associated beneficial interest in the deed of trust) in 2007, but did not immediately record its ownership. In 2008, the Federal Housing Finance Agency (FHFA), placed Fannie Mae into conservatorship. In 2012, appellant SFR Investments Pool 1, LLC, purchased the property subject to Fannie Mae's interest at a foreclosure sale conducted by a homeowners association (HOA) pursuant to NRS 116.3116 (creating a superpriority lien for unpaid HOA assessments and providing that the foreclosure of such a lien extinguishes the first deed of trust on the property). Later that year, Fannie Mae's servicer, respondent Green Tree Servicing, LLC, substituted

National Default Servicing Corporation as the trustee for the deed of trust and in 2013, National Default began foreclosure proceedings on the deed of trust.

Claiming that the foreclosure sale had extinguished the first deed of trust on the property, SFR filed an action to quiet title and for injunctive relief. The district court initially entered a temporary restraining order, but ultimately denied the preliminary injunction request. While SFR appealed the denial of its preliminary injunction, which it did without requesting a stay of the district court's decision,[1] National Default held its foreclosure sale with Fannie Mae purchasing the property. On the same day that the trustee's deed upon sale was recorded, so was an assignment of the deed of trust to Fannie Mae.

After SFR's appeal was dismissed, the case proceeded to a bench trial where the district court found that Fannie Mae owned the note and associated beneficial interest in the deed of trust at the time of the HOA's foreclosure sale; that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3) (2012), preempted NRS Chapter 116 as applied to the property's foreclosure; and that FHFA did not consent to the extinguishment of Fannie Mae's interest in the property, thus SFR acquired the property subject to Fannie Mae's deed of trust. SFR now appeals.

At the outset, we disagree with SFR's arguments that Fannie Mae failed to demonstrate its ownership interest in the property. Fannie Mae presented ample evidence, in the form of business records and testimony from employees, demonstrating its ownership. *See Berezovsky v.*

---

[1]We later dismissed that appeal at SFR's request. *SFR Invs. Pool 1 LLC v. Green Tree Servicing LLC*, Docket No. 63695 (Order Granting Motion for Remand and Dismissing Appeal, Nov. 12, 2013).

*Moniz*, 869 F.3d 923, 932 n.8 (9th Cir. 2017) (recognizing Freddie Mac's database printouts as admissible evidence under the federal counterpart to NRS 51.135, Nevada's business-records exception to the rule excluding hearsay evidence)

Much of SFR's remaining argument is premised upon its allegation that Fannie Mae had to record the assignment of the loan when it purchased it in 2007, citing NRS 106.210. Specifically, SFR asserts that even if the Federal Foreclosure Bar preempts NRS 116.3116, the Federal Foreclosure Bar does not apply in this case because, by failing to record its interest, NRS 106.210 prevents Fannie Mae from enforcing its interest and foreclosing on the property.

SFR's argument proceeds from a flawed premise in that it relies on the current version of NRS 106.210, as amended in 2011. That version of the statute does not apply to this case. Rather, the prior version of NRS 106.210 applies.[2] To compare, the current version of NRS 106.210, as amended in 2011, provides that an assignment of a mortgage of real property "must be recorded" and that the assignee may not enforce its interest in the property "unless and until the assignment is recorded pursuant to this subsection." But the earlier version, which applies in this case since Fannie Mae purchased the loan in 2007, merely provides that "any assignment of the beneficial interest under a deed of trust *may be recorded*," and does not prevent an assignee from enforcing its interest if it chose not to record the assignment. NRS 106.210(1) (1965) (emphasis

---

[2]Because NRS 106.210, as amended in 2011, does not apply to this case, we decline to address the parties' arguments regarding whether the current version of NRS 106.210 requires recordation for the Federal Foreclosure Bar to apply.

added); *see also* NRS 106.220(1) (1965) (providing that an assignee "may" record "[a]ny instrument by which any . . . interest in real property is subordinated or waived as to priority"); *see also* 2011 Nev. Stat., ch. 81, § 14.5, at 339 (stating the statutory amendments apply to assignments of interest made on or after July 1, 2011); *Cty. of Clark v. LB Props., Inc.*, 129 Nev. 909, 912, 315 P.3d 294, 296 (2013) (recognizing that retroactivity of statutes is not favored by the law and that statutes do not apply retroactively unless such an intent is clearly manifested). Accordingly, and because SFR presents no other law which would require Fannie Mae to record its assignment in order to be able to foreclose on the deed of trust, we conclude that Fannie Mae's failure to record its ownership interest has no bearing on this case. We now turn to the application of the Federal Foreclosure Bar.

The Federal Foreclosure Bar provides that "[n]o property of the [FHFA] shall be subject to . . . foreclosure, . . . without the consent of the [FHFA]." 12 U.S.C. 4617(j)(3). As Fannie Mae was put under the FHFA's conservatorship in 2008, the Federal Foreclosure Bar is implicated. And, as we recently held in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018), the Federal Foreclosure Bar preempts NRS 116.3116 because the statute directly conflicts "with Congress's clear and manifest goal to protect Fannie Mae's property interest while under the FHFA's conservatorship from threats arising from state foreclosure law." Thus, because the Federal Foreclosure Bar preempts NRS 116.3116, a foreclosure under that statute does not extinguish the deed of trust unless Fannie Mae or the FHFA consented to the foreclosure. *Id.* at 368. To that end, SFR argues that Fannie Mae consented to the foreclosure in this case because it did not

actively oppose the foreclosure, despite having notice of it through its servicer Green Tree. But the Federal Foreclosure Bar "does not require [Fannie Mae] to actively resist foreclosure." *Berezovsky*, 869 F.3d at 929. "Rather, the statutory language cloaks [Fannie Mae] property with Congressional protection unless or until [Fannie Mae] affirmatively relinquishes it." *Id.* Fannie Mae did not affirmatively consent to the foreclosure in this case so SFR's argument is unavailing.[3]

SFR also challenges the district court's admission of evidence that was disclosed after the close of discovery and argues that Green Tree violated the temporary restraining order when it orally postponed the foreclosure sale. We disagree on both points. The district court did not abuse its discretion in admitting Fannie Mae's evidence because the late disclosures were not overly prejudicial to SFR and because SFR did nothing to challenge that evidence or reduce any alleged prejudice, such as requesting a continuance, reopening discovery, or seeking sanctions, until it filed motions in limine. *See M.C. Multi-Family Dev., L.L.C. v. Crestdale*

---

[3]SFR also argues that NRS 111.315 and 111.325 required Fannie Mae to record its interest to prevail as against a bona fide purchaser for value, which status SFR claims it occupies. These statutes make Nevada a "race-notice" state. But the deed of trust recorded in 2007 provided some record notice that the loan secured by it might be sold to Fannie Mae. Indeed, the deed of trust states it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS." Under the circumstances, SFR has failed to present a genuine dispute as to its claim that NRS 111.315 and 111.325 defeats application of the Federal Foreclosure Bar in this case. *Cf. JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 & n.1 (D. Nev. May 1, 2018) (noting and rejecting similar argument respecting NRS 111.325 based in part on comparable language in the deed of trust).

*Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing the admission of evidence for an abuse of discretion). Additionally, we are not convinced that Green Tree's oral postponement violated the district court's temporary restraining order, especially in light of the fact that Green Tree did not take any other action in the foreclosure process until the restraining order was lifted.

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Jennifer P. Togliatti, District Judge
 Kim Gilbert Ebron
 Snell & Wilmer, LLP/Tucson
 Snell & Wilmer, LLP/Las Vegas
 Arnold & Porter Kaye Scholer LLP
 Fennemore Craig P.C./Reno
 Eighth District Court Clerk