# IN THE SUPREME COURT OF THE STATE OF NEVADA

ONEWEST BANK FSB, A FEDERAL
SAVINGS BANK DOING BUSINESS IN
NEVADA; AND FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
Appellants,
vs.
HOLM INTERNATIONAL
PROPERTIES, LLC, A UTAH LIMITED
LIABILITY COMPANY REGISTERED
AS A FOREIGN LIMITED LIABILITY
COMPANY IN NEVADA; AND LOS
VERDES COMMUNITY ASSOCIATION,
A NEVADA DOMESTIC NON-PROFIT
CORPORATION,
Respondents.

No. 72933

FILED

DEC 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In 2007, Sajjad and Saphira Azmat (collectively "the Azmats") obtained a mortgage to purchase a condominium unit in Las Vegas, Nevada. The deed of trust identified IndyMac Bank, LLC ("IndyMac") as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Approximately one month later, the Federal National Mortgage Association ("Fannie Mae") purchased the real property loan (the note and associated beneficial interest in the deed of trust). IndyMac continued to service the loan after Fannie Mae's purchase until 2013 when appellant, OneWest Bank, LLC ("OneWest") took over as the servicer. The Azmats ultimately fell behind on their mortgage payments. This led to Los

Verdes Community Association ("the HOA") recording a $1,297.57 delinquent lien assessment against the condominium unit. A non-judicial foreclosure sale was then conducted on December 12, 2014. Respondent, Holm International Properties, LLC (Holm) purchased the property for $44,000, and recorded a foreclosure deed the next day.

Holm then sued the HOA and OneWest, asserting several claims including: quiet title (against the HOA and OneWest), injunctive relief (against OneWest), breach of contract (against the HOA), and indemnification (against the HOA). About one year after Holm filed its initial complaint, Fannie Mae intervened. Then, Holm, OneWest, and Fannie Mae filed motions for summary judgment. The district court granted summary judgment in favor of Holm, finding that the Federal Foreclosure Bar did not apply because Fannie Mae did not record its interest. OneWest and Fannie Mae now appeal.

Much of Holm's argument is premised upon its allegation that Fannie Mae had to record its interest in the property when it purchased it in 2007, citing NRS 106.210. Specifically, Holm asserts that even if the Federal Foreclosure Bar preempts Nevada's super-priority lien law outlined in NRS 116.3116, the Federal Foreclosure Bar does not apply in this case because, by failing to record its interest, NRS 106.210 prevents Fannie Mae from enforcing its interest and foreclosing on the property.

Holm's argument proceeds from a flawed premise in that it relies on the current version of NRS 106.210, as amended in 2011. That version of the statute does not apply to this case. Rather, the prior version of NRS 106.210 applies. To compare, the current version of NRS 106.210, as amended in 2011, provides that an assignment of a mortgage of real property "must be recorded" and that the assignee may not enforce its

interest in the property "unless and until the assignment is recorded pursuant to this subsection." But the earlier version, which applies in this case since Fannie Mae purchased the loan in 2007, merely provides that "any assignment of the beneficial interest under a deed of trust *may be recorded*," and does not prevent an assignee from enforcing its interest if it chose not to record the assignment. NRS 106.210(1) (1965) (emphasis added); *see also* NRS 106.220(1) (1965) (providing that an assignee "may" record "[a]ny instrument by which any . . . interest in real property is subordinated or waived as to priority"); 2011 Nev. Stat., ch. 81, § 14.5 at 339 (stating the statutory amendments apply to assignments of interest made on or after July 1, 2011); *Cty. of Clark v. LB Props., Inc.*, 129 Nev. 909, 912, 315 P.3d 294, 296 (2013) (recognizing that retroactivity of statutes is not favored by the law and that statutes do not apply retroactively unless such an intent is clearly manifested). Accordingly, and because Holm presents no other law which would require Fannie Mae to record its assignment in order to be able to foreclose on the deed of trust, we conclude that Fannie Mae's failure to record its ownership interest has no bearing on this case. We now turn to the application of the Federal Foreclosure Bar.

The Federal Foreclosure Bar provides that "[n]o property of the [FHFA] shall be subject to . . . foreclosure, . . . without the consent of the [FHFA]." 12 U.S.C. 4617(j)(3). As Fannie Mae was put under the FHFA's conservatorship in 2008, the Federal Foreclosure Bar applies. Further, as we recently held in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018), the Federal Foreclosure Bar preempts NRS 116.3116 because the statute directly conflicts "with Congress's clear and manifest goal to protect Fannie Mae's property interest while under the FHFA's conservatorship

from threats arising from state foreclosure law." Accordingly, because the Federal Foreclosure Bar applies, Fannie Mae's interest was not extinguished by Holm's foreclosure sale.

To the extent that Holm argues that Fannie Mae's unrecorded interest nonetheless does not survive the HOA foreclosure because the district court found that Holm was a bona fide purchaser, we conclude that issue is not sufficiently briefed on appeal and would benefit from further development in the district court. In particular, the district court's bona-fide-purchaser determination came in the context of considering the equities under *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), but *Shadow Wood* did not address equitable considerations when the Federal Foreclosure Bar applies. Further, the parties and the district court have not addressed the relationship between Nevada's law on bona fide purchasers and the Federal Foreclosure Bar, including: first, whether the Federal Foreclosure Bar preempts Nevada's law on bona fide purchasers, *see, e.g., JPMorgan Chase Bank v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018) (asserting that Nevada's bona-fide-purchaser laws are preempted by the Federal Foreclosure Bar), and, if it does not, whether Holm was on notice that Fannie Mae might own an unrecorded interest in the property based on the enactment of the Federal Foreclosure Bar in 2008; second, Fannie Mae's large-scale and well-known participation in the mortgage industry and placement into FHFA conservatorship in 2008; and third, Fannie Mae's publicly available servicer guidelines and language in the deed of trust, which was recorded on November 19, 2007, stating the deed is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT," *see, e.g., Nationstar Mortg. LLC v. Tow Props., LLC II*, No. 2:17-cv-01770-

APG-VCF, 2018 WL 2014064, at *6 (D. Nev. Apr. 27, 2018) (concluding that the servicer guidelines and identical deed-of-trust language gave some notice of Fannie Mae's possible ownership interest in the property at issue). Those issues may be addressed on remand.[1]

For the reasons stated, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.          _____, J.
Gibbons                                Hardesty

---

[1]Having considered appellants' other arguments that challenge the validity of the foreclosure sale, we reject them. In particular, we conclude that: (1) NRS Chapter 117 did not apply to the property's foreclosure because the 1999 amendments to NRS 116.1206 revised all existing common-interest communities' governing documents to comply with NRS Chapter 116 such that the provisions of NRS Chapter 117 no longer applied to any residential common-interest communities; (2) the 2000 amendment to the CC&Rs, before the deed of trust on the subject property (in 2007), conformed to NRS Chapter 116 and are substantially consistent with NRS 116.31162, providing that an association lien would not take priority over a first security interest recorded before the date that the assessment became delinquent *except* as to assessments for six months of common expenses; (3) inadequacy of price alone is not sufficient to set aside a foreclosure sale, *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017); and (4) appellants did not offer evidence that the sale was affected by fraud, unfairness, or oppression.

cc:    Hon. Gloria Sturman, District Judge
Janet Trost, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Mortenson & Rafie, LLP
Leach Kern Gruchow Anderson Song/Las Vegas
Arnold & Porter Kaye Scholer LLP
Fennemore Craig P.C./Reno
Eighth District Court Clerk