132 Nev., Advance Opinion 70

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LISA JOHNSON,
Appellant,
vs.
WELLS FARGO BANK NATIONAL
ASSOCIATION,
Respondent.

No. 66094

**FILED**

SEP 29 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a final district court order in a defamation and declaratory relief action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Affirmed.*

Hutchison & Steffen, LLC, and Michael K. Wall, Las Vegas,
for Appellant.

Smith Larsen & Wixom and Paul M. Haire, Kent F. Larsen, and Michael B. Wixom, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.[1]

---

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

2/9/17: Corrected per letter to publishers. CF

16-30274

## OPINION

By the Court, DOUGLAS, J.:

In this appeal, we are asked to examine the Suspicious Activity Report (SAR) discovery privilege under the Bank Secrecy Act, 31 U.S.C. § 5311 *et seq.* (2014). The Bank Secrecy Act requires financial institutions to establish an anti-money laundering program, including various internal policies, procedures, and controls. *Id.* The purpose of this program between financial institutions and federal authorities is to combat money laundering, identity theft, embezzlement, and fraud. *Id.* Regulations promulgated under this Act prohibit banks from disclosing "a SAR, or any information that would reveal the existence of a SAR." 12 C.F.R. § 21.11(k)(1)(i). We adopt the rule from *In re JPMorgan Chase Bank, N.A.*, 799 F.3d 36, 43 (1st Cir. 2015), indicating that the standard of whether a document falls under the SAR privilege is when the document suggests, directly or indirectly, that a SAR was or was not filed. In this case, we agree with the district court that the documents appellant sought are protected from disclosure by the SAR privilege, and we thus affirm the district court's dismissal of appellant's declaratory relief claim.

### FACTS AND PROCEDURAL HISTORY

In May 2010, appellant Lisa Johnson opened three business accounts at respondent Wells Fargo Bank's place of business. One of the accounts was a joint account between appellant and her boyfriend, Michael Kaplan.

During August 2011, respondent sent three letters to appellant, advising that respondent would unilaterally close the three accounts in September 2011. The letters explained that respondent

"performs ongoing reviews of its account relationships in connection with [its] responsibilities to oversee and manage risks in its banking operations." Additionally, the letters stated that respondent's "risk assessment process and the results of this process are confidential" and that the "decision to close [the accounts] is final."

On October 6, 2011, Kaplan visited one of respondent's branches located in Malibu, California. Kaplan asked to cash a check. While completing the transaction, the bank teller reviewed Kaplan's account information and recommended that he open a new savings account. In response, Kaplan inquired why he should open a new account in light of respondent closing his joint account with appellant. To clarify the matter, the bank teller spoke to another employee. Ultimately, Kaplan was informed that the reason for the closure was likely because appellant had been involved in a criminal activity. Kaplan was further advised to employ a private investigator.

On January 26, 2012, appellant filed a complaint against respondent that alleged defamation, false light, and declaratory relief. Appellant's declaratory relief claim sought a declaration that Wells Fargo must disclose to appellant the reasons why her accounts were closed and why it stated that she was involved in criminal activity.[2] During discovery, appellant requested production of documents regarding the closure of appellant's accounts, as well as the risk assessment processes

_____

[2]Only the dismissal of the declaratory relief claim has been challenged on appeal. The false light claim was dismissed prior to trial, and the defamation claim resulted in a bench trial. Appellant was awarded both special and general damages.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

and analysis for closing these accounts. Respondent objected to the requests, arguing that the requested information was irrelevant to the case and sought privileged and confidential information.

On August 31, 2012, appellant filed a motion to compel respondent to produce responsive information, contending that this information was relevant to understand respondent's defamatory statements against her. In response, respondent objected to the requests, arguing in part that the relevant information was subject to the SAR discovery privilege under the Bank Secrecy Act.

On October 5, 2012, the discovery commissioner held a hearing on these issues. Thereafter, the discovery commissioner decided that due to the Bank Secrecy Act, respondent was not required to provide any records regarding the closure of appellant's accounts.

Appellant subsequently objected to the discovery commissioner's report and recommendations, arguing that the discovery commissioner gave respondent overly broad protection. The district court held an evidentiary hearing and expressed concern regarding the scope of the evidentiary privilege. Ultimately, the district court affirmed the discovery commissioner's report and recommendations, but ordered respondent to provide a privilege log concerning the subject matter of the report and recommendations. The court remanded the matter to the discovery commissioner "for purposes of determining which privilege log [documents] . . . can be required without violating the provisions of the Bank Secrecy Act."

To comply with the district court's order, respondent submitted a privilege log to the discovery commissioner, along with the documents described therein. The privilege log included brief

descriptions of five documents, referring to them as the following: (1) "Memorandum/correspondence, which Wells Fargo is legally prohibited from describing further," (2) "Memorandum and attachments, which Wells Fargo is legally prohibited from describing further," (3) "Correspondence, which Wells Fargo is legally prohibited from describing further," (4) "Wells Fargo Bank Policies and Procedures re: Bank Secrecy Act, which Wells Fargo is legally prohibited from describing further," and (5) "Internal Memorandum and attachment regarding Bank Secrecy Act Policies and Procedures, which Wells Fargo is legally prohibited from describing further."

On March 12, 2013, the discovery commissioner held a hearing to discuss the privilege log requirement pursuant to the district court's order. The discovery commissioner agreed to review the relevant documents *in camera* to determine whether they should be protected. Upon review, the discovery commissioner recommended that the documents be deemed confidential and protected under the provisions of the Bank Secrecy Act. The district court affirmed and adopted the report and recommendations. Ultimately, appellant's cause of action for declaratory relief was dismissed by the district court. The district court based its decision partially on its interpretation of the Bank Secrecy Act, which corresponded to the discovery commissioner's interpretation. This appeal followed.

## DISCUSSION

Appellant argues that the district court erred in denying basic discovery to her, which led to the dismissal of her declaratory relief claim. In particular, appellant contends that the SAR discovery privilege, as

provided by the Bank Secrecy Act, is limited and does not prevent the disclosure of discoverable materials in this litigation. In opposition, respondent argues that complying with appellant's discovery requests would violate the Bank Secrecy Act. We agree with respondent.

In general, discovery orders are reviewed for an abuse of discretion. *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). However, this court reviews de novo a district court's order denying declaratory relief. *Nevadans for Nev. v. Beers*, 122 Nev. 930, 942, 142 P.3d 339, 347 (2006). Further, we review questions of statutory construction de novo. *Kay v. Nunez*, 122 Nev. 1100, 1104, 146 P.3d 801, 804 (2006). Likewise, we review questions concerning the proper scope of a statutory privilege de novo. *See Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 69, 331 P.3d 905, 910 (2014).

The Bank Secrecy Act governs requirements over financial institutions to assist governmental agencies, specifically in providing "certain reports or records where they have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism." 31 U.S.C. § 5311. Pursuant to the Act, if a bank reports a suspicious transaction to the government, the bank may not "notify any person involved in the transaction that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(A)(i). Numerous regulations have been promulgated under the Act, such as 12 C.F.R. § 21.11 *et seq.* from the Office of the Comptroller of the Currency. 12 C.F.R. § 21.11(b)(3) refers to a suspicious activity report as a "SAR." "A

SAR, and any information that would reveal the existence of a SAR, are confidential, and shall not be disclosed." 12 C.F.R. § 21.11(k). Further, if a bank receives a subpoena or another discovery request "to disclose a SAR, or any information that would reveal the existence of a SAR, [the bank] shall decline to produce the SAR or such information." 12 C.F.R. § 21.11(k)(1)(i).

One of the most recent published cases regarding the SAR privilege is from the First Circuit of the United States Court of Appeals, which noted that the privilege is not all-encompassing. *In re JPMorgan Chase Bank, N.A.*, 799 F.3d 36, 43-44 (1st Cir. 2015). In that case, the victims of a Ponzi scheme brought claims of fraud, deceit, and conversion against a bank, asserting that the bank failed to detect and stop the scheme. *Id.* at 37. The bank claimed that 55 pages of its records were protected from discovery, pursuant to the Bank Secrecy Act. *Id.* The First Circuit conducted de novo review of the records *in camera*, which revealed that the records did not fall within the scope of the SAR privilege. *Id.* at 43-44. Thus, the court rejected the bank's argument, doubting that the Act and relevant regulations applied at all to the case. *Id.* at 37. Moreover, the court asserted that even if the Act and relevant regulations applied, the specific records in dispute would not be protected from discovery or use in litigation. *Id.* According to the court, it did not "view the 'privilege' as extending to any document that might speak to the investigative methods of financial institutions." *Id.* at 44. A blanket protection over all documents related to any type of investigation "would see the bulk of a financial institution's investigative file in a particular case shielded from discovery. Congress and/or the agencies certainly would have used broader, less specific language had that been their

SUPREME COURT
OF
NEVADA

(O) 1947A

7

intent." *Id.* The court declared that pursuant to existing law and guidance, "the key query is whether any of those documents suggest, directly or indirectly, that a SAR was or was not filed." *Id.* at 43. We hereby adopt this rule of law.

Here, the discovery commissioner conducted an *in camera* review of the documents in question, ultimately concluding that they fell under the SAR discovery privilege. The discovery commissioner reasoned that "[d]ocuments which constitute a [SAR], if any SAR exists, and/or the policies and procedures that are created to prepare a possible SAR are confidential and protected," while "[f]actual supporting documentation that accompanied a SAR, if one exists, or possible SAR, which have been prepared in the ordinary course of business are not protected." The basis of this decision does not undermine and, in fact, is bolstered by the existing law on this issue. *See id.* at 39-41; *Cotton v. PrivateBank & Trust Co.*, 235 F. Supp. 2d 809, 815 (N.D. Ill. 2002); *Whitney Nat'l Bank v. Karam*, 306 F. Supp. 2d 678, 681-82 (S.D. Tex. 2004). Having reviewed the record on appeal, we conclude that the discovery commissioner and the district court applied the correct SAR privilege standard and did not err when they applied the SAR privilege to the five documents in question.[3]

---

[3]Appellant also did not challenge, and appears to concede, the district court's determination that Wells Fargo had no duty to inform appellant of the reasons why her accounts were closed. This also supports affirming the district court's order dismissing the declaratory relief claim.

## CONCLUSION

Pursuant to the Bank Secrecy Act, the SAR discovery privilege applies to any documents that suggest, directly or indirectly, that a SAR was or was not filed. The discovery commissioner and the district court did not err in concluding that the documents at issue here are protected by the SAR privilege. Accordingly, we affirm the order of the district court dismissing appellant's declaratory relief claim.

_____, J.
Douglas

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering