# IN THE SUPREME COURT OF THE STATE OF NEVADA

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 169,
Appellant,
vs.
OFFICE OF THE LABOR COMMISSIONER; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 401; PLUMBERS LOCAL 350; SOUTHERN NEVADA IBEW-NECA LABOR MANAGEMENT COMMITTEE; AND BUILDING & CONSTRUCTION TRADES COUNCIL OF NORTHERN NEVADA,
Respondents.

No. 67832

FILED

JAN 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE[1]

This is an appeal from a district court order denying a petition for a writ of mandamus in a labor matter. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

In 2002, respondent Office of the Labor Commissioner posted on its website "Job Descriptions for recognized Classes of Workmen" as part of the prevailing wage rates, required by NRS 338.030.[2] In 2014,

---

[1]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter.

[2]In 2015, the Legislature amended NRS 338.030. 2015 Nev. Stat., ch. 456, § 2.3 at 2652-53. Any discussion in this order relating to this statute refers to the pre-amendment version, which applies to this matter.

17-02279

appellant filed a petition for a writ of mandamus to compel the Labor Commissioner to remove the job descriptions for annual prevailing wage rates from its website. The district court subsequently granted respondent Building and Construction Trades Council of Northern Nevada's motion to intervene; the court also granted respondents International Brotherhood of Electrical Workers Local 401, Plumbers Local 350, and Southern Nevada IBEW-NECA Labor Management Committee leave to file a brief in support of the Labor Commissioner.

Ultimately, the district court denied appellant's petition for a writ of mandamus, finding that: (1) appellant had failed to exercise its speedy and adequate remedy in the ordinary course of law pursuant to NRS 338.030; (2) the Commissioner's act of posting the job descriptions did not constitute rulemaking; and (3) appellant's claim was procedurally barred by the doctrine of laches, in addition to the two-year statute of limitations pursuant to NRS 233B.0617. Appellant now appeals, arguing that the district court erred in denying its writ petition. We disagree and conclude that the district court acted within its discretion in denying appellant's petition for a writ of mandamus. *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006) ("When reviewing a district court order resolving a petition for mandamus relief, this court considers whether the district court has abused its discretion.").

A writ of mandamus is "available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, writ relief is not appropriate where an adequate and speedy legal remedy exists. *Id.* NRS 338.030(3)(b) requires the Labor Commissioner to hold a hearing if

the Commissioner receives an objection to a prevailing wage after the determination is issued. The Labor Commissioner's classification of the craft or work is an inherent part of determining prevailing wages. *City Plan Dev., Inc. v. Office of Labor Comm'r*, 121 Nev. 419, 432, 117 P.3d 182, 190 (2005). Despite this available legal remedy, appellant failed to object to the Commissioner's online job descriptions.

Further, the relief sought in appellant's writ petition is procedurally time barred by NRS 233B.0617 and the doctrine of laches. NRS 233B.0617 requires that an objection to any regulation based on noncompliance with the Nevada Administrative Procedure Act (APA) must be made within two years after its effective date. Appellant has been aware of the job descriptions since at least 2008, yet it waited until 2013 to raise any dispute to the posting. Accordingly, appellant failed to timely object to the alleged violation of the APA. The doctrine of laches also applies due to appellant's delay. The doctrine "may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable." *Carson City v. Price*, 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997) (internal quotation marks omitted).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

cc:   Hon. Scott N. Freeman, District Judge
      Michael E. Langton
      McCracken, Stemerman & Holsberry
      Whitehead & Whitehead
      Attorney General/Las Vegas
      Attorney General/Carson City
      Washoe District Court Clerk

---

[3]Since this matter is procedurally time barred, we need not consider appellant's remaining arguments on appeal.