**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PENTECOSTAL CHURCH OF GOD,
DBA Great Life Church; LARRY
SPIVEY, Pastor,

Petitioners-Appellants,

v.

DOUGLAS COUNTY; DOUGLAS
COUNTY COMMISSIONERS,

Defendants-Appellees.

No. 18-15788

D.C. No. 3:16-cv-00400-LRH-WGC

**MEMORANDUM**<sup>*</sup>

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,<sup>**</sup> Senior
District Judge.

---

  <sup>*</sup>  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  <sup>**</sup>  The Honorable Dean D. Pregerson, Senior District Judge for the
Central District of California, sitting by designation.

Pentecostal Church of God ("the Church") and its pastor, Larry Spivey, appeal the district court's order affirming Douglas County's denial of a special use permit application sought by the Church. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Church filed a petition for judicial review of the denial by the Board of County Commissioners ("Board") in Nevada state court. *See* NEV. REV. STAT. § 278.3195(4). The case was removed to federal court. The Church argues that the Board's decision to deny its permit was not supported by substantial evidence, as required by Nevada law. The Church further argues that the County violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by imposing a substantial burden on its religious exercise, and that the County's decision violated the Church's rights to substantive due process as well as to equal protection under the federal Constitution.

After the appellate briefs were filed, the Church sold the underlying property in this action and received design review approval for a project at a different location. We **GRANT** the County's motions for judicial notice of these facts [Dkt. Entries 33, 35].

Because of these recent events, the Church's request for injunctive relief is moot. We address the Church's claims only for the purpose of determining

2

damages. *See* NEV. REV. STAT. § 278.0233 (damages available for agency actions that improperly limit or condition use of property); *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1169 (9th Cir. 2011) (damages available for RLUIPA violations); 42 U.S.C. § 1983 (damages available for constitutional violations). Although neither party filed a dispositive motion below, we construe the district court's order as granting summary judgment to the County on the Church's RLUIPA and federal constitutional claims. *See* FED. R. CIV. P. 12(d). We review de novo the district court's denial of the Church's legal claims. *See Guru Nanak Sikh Soc. v. Cty. of Sutter*, 456 F.3d 978, 985 (9th Cir. 2006).

1.　For the Church's state-law claim, we review the administrative record to determine whether substantial evidence supports the Board's decision. *See Kay v. Nunez*, 146 P.3d 801, 805 (Nev. 2006). "[S]ubstantial and specific" public opposition can constitute substantial evidence upon which a local government can base its decision to deny a request for a special use permit. *City of Las Vegas v. Laughlin*, 893 P.2d 383, 385 (Nev. 1995). Such public opposition was expressed to the Board and formed the basis of its decision. We will not substitute our judgment for the Board's. *See City of Reno v. Citizens for Cold Springs,* 236 P.3d 10, 15–16 (Nev. 2010).

2. To establish an RLUIPA violation, the Church must first show that the implementation of a land use regulation imposed a "substantial burden" on its religious exercise. *See* 42 U.S.C. § 2000cc(a)(1); *see also Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (holding that a "substantial burden" must be "oppressive" to a "significantly great extent") (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)); *San Jose*, 360 F.3d at 1034 (holding that a "substantial burden" must "impose a significantly great restriction or onus upon such exercise."). According to the record, the Board's decision was based on neighborhood compatibility and traffic concerns, not potential religious use of the property. There is no evidence that the Church "has no ready alternatives," or that alternatives required "substantial delay, uncertainty, and expense." *Foursquare Gospel*, 673 F.3d at 1068. There is likewise no adverse "history" behind the Church's application, the denial, or the proceedings leading up to it. *See Guru Nanak*, 456 F.3d at 989. Indeed, the record now shows quite the opposite. The Church has not shown its religious exercise was substantially burdened.

3. The Church brings its equal protection claim under a class-of-one theory. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on such a claim, the Church must show that the Board "(1) intentionally (2) treated

4

[it] differently than other similarly situated property owners, (3) without a rational basis." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). We hold that the Church has not met the second prong. The record does not show that other churches in the County are in fact similarly situated to the Church.

4. To succeed on its substantive due process claim, the Church must show "as a threshold matter" that the County deprived it of a "constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). To have a constitutionally protected property interest in a government benefit such as a permit, the Church must have a "legitimate claim of entitlement to it" created by a source such as state law that "imposes significant limitations on the discretion of the decision maker." *Gerhart*, 637 F.3d at 1019. Douglas County Code § 20.12.020 does not significantly limit the discretion of the Board in deciding an appeal from a special use permit denial within the meaning of substantive due process doctrine.

**AFFIRMED.**