IN THE SUPREME COURT OF THE STATE OF NEVADA

TAMMY HOLT-STILL; AND LEMMON VALLEY SWAN LAKE RECOVERY COMMITTEE,
Appellants,
vs.
WASHOE COUNTY BOARD OF COUNTY COMMISSIONERS; AND LANSING-ARCUS, LLC,
Respondents.

No. 78784

FILED

JUN 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Youney
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a petition for judicial review in a land use matter. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellants argue that the district court erroneously interpreted NRS 278.3195(4) by looking only at its plain language and strictly construing it to find that appellants lacked standing to challenge the Washoe County Board of County Commissioners' land use decision. They argue that the statute must be liberally construed and broadly interpreted because it allows a citizen to challenge a land-use decision. They also argue that its plain language is contrary to its purpose and absurd because it prevents a party who won at the planning-commission level, but lost on appeal to the governing body, from petitioning for judicial review of the governing body's decision. They ask us to interpret the words "[h]as appealed" to include a party who won at the planning-commission level, and so did not appeal to the governing body, but *merely participated* in the appeal as the responding party.

Respondents answer that we resolved this issue in *Kay v. Nunez*, 122 Nev. 1100, 146 P.3d 801 (2006), by holding that NRS 278.3195(4) should be interpreted by its plain language. They also note that

20-24227

appellants fail to show how the statute's plain meaning is ambiguous or clearly contrary to the Legislature's intent.

Appellants raise an issue of statutory construction, which we review de novo. *Kay*, 122 Nev. at 1104, 146 P.3d at 804. "[W]e construe unambiguous statutory language according to its plain meaning unless doing so would provide an absurd result," *Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 130 Nev. 540, 546, 331 P.3d 850, 854 (2014), or "its plain meaning clearly was not intended," *Sheriff, Clark Cty. v. Burcham*, 124 Nev. 1247, 1253, 198 P.3d 326, 329 (2008). As we held in *Kay*, "NRS 278.3195(4) is clear and unambiguous, and thus, we follow its plain meaning." 122 Nev. at 1104, 146 P.3d at 805.

In its order granting Lansing-Arcus's motion to dismiss, the district court cited *Kay* and found that "NRS 278.3195(4) explicitly contains a two-pronged standing analysis and requires a petitioner not only to be aggrieved but also to have appealed a decision to a governing body." It concluded that because appellants did not appeal to the governing body, they lacked standing to petition for judicial review, and it denied their petition.

Although *Kay* is not on all fours with this case insofar as the appellant in *Kay* had lost at the planning-commission level, and so *had* appealed to the governing body, the circumstances here do not affect the statute's clarity or unambiguity. The fact that appellants did not appeal does not make the words "[h]as appealed" any less clear or unambiguous. The statute remains unambiguous, so we look only at its plain meaning unless (1) doing so would cause an absurd result or (2) its plain meaning was clearly unintended.

Its plain meaning would not cause an absurd result. If only a party who lost at both levels had any remedy whatsoever, the statute's plain

meaning would probably be absurd. But as appellants are aware, a party who wins at the planning-commission level but loses at the governing-body level may petition for extraordinary relief.

And finally, the statute's plain meaning was not clearly unintended. Had the Legislature meant to extend standing to a party who won at the planning-commission level and so did not appeal to the governing body, it would not have included a separate subsection expressly requiring a petitioner to "[h]a[ve] appealed" to the governing body. NRS 278.3195(4)(a).

So we decline appellants' invitation to look beyond the statute's plain language. And its plain language, even when liberally construed and broadly interpreted, requires a petitioner to have appealed to the governing body. Because appellants did not appeal to the governing body, the district court correctly concluded that they lacked standing to petition for judicial review.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[1]The Washoe County Board of County Commissioners also argues that appellants mooted the issue on appeal, waived their right to appeal, and/or estopped themselves from appealing by separately petitioning the district court for a writ of mandamus. These arguments are unpersuasive, but we need not address them. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues that are unnecessary to resolve the case at bar).

cc:   Hon. Elliott A. Sattler, District Judge
      Jonathan L. Andrews, Settlement Judge
      Doyle Law Office, PLLC
      McDonald Carano LLP/Reno
      Washoe County District Attorney/Civil Division
      Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A