IN THE SUPREME COURT OF THE STATE OF NEVADA

KARIN SINCLAIR; AND SINCLAIR
FAMILY FARM, INC.,
Appellants,
vs.
DOUGLAS COUNTY; AND DOUGLAS
COUNTY BOARD OF COUNTY
COMMISSIONERS SITTING AS THE
BOARD OF ADJUSTMENT,
Respondents.

No. 82242

FILED

JAN 1 3 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review that challenged a decision to deny a special use permit. Ninth Judicial District Court, Douglas County; Janet Berry, Senior Judge.

Appellant Karin Sinclair, president of appellant Sinclair Family Farm, Inc., sought to repurpose Storke Dairy as a meat processing facility in Douglas County. She applied for a supplementary use permit and major variance before the Douglas County Planning Commission. Dozens of citizens voiced concerns to the planning commission, which later denied her application. She then appealed this decision to the board of adjustment (BOA), which denied her appeal after hearing from dozens of concerned citizens. Sinclair then filed a petition for judicial review, which the district court denied. Notably, the district court found that the BOA's decision was supported by substantial evidence as the BOA considered statements from nearly 200 individuals both opposed to and in favor of the project, reviewed Sinclair's expert reports and lengthy presentation on the matter, considered

22-01436

the various issues presented by interested parties, and then itself articulated reasons for concluding that Douglas County Code (DCC) 20.604.060(H), which reads "[t]he proposed special use will not be materially detrimental to the public health, safety, convenience and welfare; or result in material damage or prejudice to other property in the vicinity," was not satisfied. The district court also found Sinclair's due process rights were not violated because the BOA is allowed to hear public comment and consider it in reaching a conclusion. Sinclair now appeals, arguing that the BOA's denial of her appeal was arbitrary, capricious, and an abuse of discretion because it was not supported by substantial evidence. Sinclair further argues that the BOA violated her due process rights.

"In a petition for judicial review, . . . the district court reviews the agency record to determine whether the [governing body's] decision is supported by substantial evidence." *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006). We "afford[] no deference to the district court's ruling," but examine the administrative record to determine whether substantial evidence supported the governing body's decision. *Id.* As with the district court, we are limited to the administrative record that the governing body relied upon in making its determination. *Id.* We will not substitute our own judgment for the that of the governing body as to the weight of the evidence. *Stratosphere Gaming Corp. v. City of Las Vegas*, 120 Nev. 523, 530, 96 P.3d 756, 761 (2004).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *City of Las Vegas v. Laughlin*, 111 Nev. 557, 558, 893 P.2d 383, 384 (1995) (internal quotations omitted). "A public agency may rely on public testimony in denying a special use permit." *Redrock Valley Ranch, LLC v. Washoe Cty.*, 127 Nev. 451, 461, 254

(O) 1947A

P.3d 641, 648 (2011) (deciding that 34 members of the public testifying about "increased fire risk, impacts to existing wells, impacts to wildlife and livestock, chemical storage, visual impacts, noise pollution, and air quality issues" constituted substantial evidence to support Washoe County's denial of a special use permit concerning water permit changes); *see also* *Stratosphere Gaming*, 120 Nev. at 529-30, 96 P.3d at 761 (concluding that individuals testifying and submitting written protests about the lack of compatibility of location, the increased traffic and resulting safety concerns, and increased noise qualified as substantial evidence to support the denial of the Stratosphere's special use permit for developing a new ride); *Laughlin*, 111 Nev. at 559, 893 P.2d at 385 (deciding that over 200 individuals submitting substantial and specific concerns established a valid basis for the denial of a special use permit).

We conclude that substantial evidence supports the BOA's denial of Sinclair's permit application. The burden was initially on Sinclair to prove that she satisfied DCC 20.604.060(H). The BOA received dozens of verbal and written comments from concerned individuals against the meat processing facility that expressed one or more of the following concerns: noise, odors, wastewater disposal, bugs and pests, potential surface and groundwater contamination, disease, traffic, loss of property value, historical flooding of the area, and air quality. The BOA considered these

concerns in deciding that Sinclair did not satisfy DCC 20.604.060(H). We do not reweigh the evidence on appeal, and we conclude that substantial evidence supported the BOA's decision here. Accordingly, we[1]

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Silver

_____ , J.
Cadish

_____ , J.
Pickering

cc: Chief Judge, Ninth Judicial District Court
Hon. Janet Berry, Senior Judge
David Wasick, Settlement Judge
Tanner Law & Strategy Group, Ltd.
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Douglas County Clerk

---

[1]We do not consider Sinclair's arguments that her due process rights were violated, as she failed to adequately support her arguments. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (this court need not consider arguments not adequately briefed, not supported by relevant authority, and not cogently argued).

(O) 1947A