# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY LOU MCSWEENEY-WILSON,
Appellant,
vs.
STOREY COUNTY COMMISSIONERS;
AND STERICYCLE, INC.,
Respondents.

No. 82806

**FILED**

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This appeal challenges a district court order dismissing a petition for judicial review in a land use matter. First Judicial District Court, Storey County; James Todd Russell, Judge.[1] Appellant Mary Lou McSweeney-Wilson filed a petition seeking judicial review of respondent Storey County Commissioners' decision granting respondent Stericycle, Inc.'s application for a special land use permit. The district court permitted Stericycle to intervene and later granted both respondents' motions to dismiss Wilson's petition because she lacked standing.

Reviewing de novo, we affirm. *See Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) ("Standing is a question of law reviewed de novo."); *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing order granting a motion to dismiss de novo). NRS 278.3195(4), which "governs a party's standing to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-05364

challenge [a Commission]'s decision in the district court," *Kay v. Nunez*, 122 Nev. 1100, 1106, 146 P.3d 801, 806 (2006), provides that only a person who

> (a) Has appealed a decision to the governing body in accordance with an ordinance adopted pursuant to subsection 1; and
> (b) Is aggrieved by the decision of the governing body,
> may appeal that decision to the district court of the proper county by filing a petition for judicial review . . . .

Under the plain language of NRS 278.3195, Wilson lacked standing to seek judicial review of the County Commissioners' decision because she did not attend or participate in any of the planning commission or County Commission meetings considering Stericycle's application and she did not appeal the planning commission's decision recommending that Stericycle's application be approved. *See Kay*, 122 Nev. at 1104, 146 P.3d at 805 ("NRS 278.3195(4) is clear and unambiguous, and thus, we follow its plain meaning."). Wilson also did not demonstrate that she was aggrieved by the County Commissioners' decision, as her property is several miles outside of the relevant notice zone.[2] *See City of N. Las Vegas v. Eighth Judicial Dist. Court*, 122 Nev. 1197, 1206, 147 P.3d 1109, 1115 (2006) (explaining that in counties with populations less than 400,000 (since this opinion was issued, the statute increased the population amount to 700,000), local ordinances govern the definition of who is aggrieved for purposes of NRS 278.3195); Storey County Code § 17.03.130 (outlining the

---

[2]Similarly, Wilson's purported clients also failed to meet NRS 278.3195(4)'s standing requirements. Although both clients participated in the planning commission and County Commission meetings and opposed Stericycle's application, neither appealed the decisions nor demonstrated that they were aggrieved by the County Commissioners' decision.

procedure to appeal an administrative decision to the Storey County Commissioners and defining an aggrieved party with standing as "a person with a legal or equitable interest in the property affected by the final decision or the property located within the notice area of the property that is entitled by law to notice"); *see also* NRS 278.315(3) (requiring notice of a hearing on an application for a special use permit be sent to all property owners "located within 300 feet of the property in question").

We also reject Wilson's argument that she should be excused from strictly complying with NRS 278.3195(4)'s standing requirements because she was unaware of the meetings where Stericycle's application was considered. The County Commission demonstrated that it complied with the physical posting requirements of Nevada's Open Meeting Law despite those requirements being suspended by the governor's emergency directives relating to the COVID-19 pandemic. And, because Wilson has not alleged that the County Commission's decision deprived her of a cognizable liberty or property interest, we reject her assertions that its decision deprived her of due process because the notices were not physically posted in their usual locations and there was no option to physically attend the meetings.[3] *See Malfitano v. Storey Cty.*, 133 Nev. 276, 282, 396 P.3d 815, 819-20 (2017) (explaining that the first step in evaluating a due process

---

[3]Although Wilson argues that she showed the negative impacts of air pollution to satisfy having a liberty or property interest the decision deprived her of, she failed to demonstrate that she has a constitutionally protected property interest in her property being free from air pollution, and did not explain how her property has been negatively impacted by air pollution from Stericycle's operations under its special use permit. *See Pressler v. City of Reno*, 118 Nev. 506, 510, 50 P.3d 1096, 1098 (2002) ("The protections of due process only attach when there is a deprivation of a protected property or liberty interest.").

claim is to determine whether there has been an interference with a liberty or property interest). For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.        _____, Sr.J.
Hardesty                                              Gibbons

cc:    Hon. James Todd Russell, District Judge
       J. Douglas Clark, Settlement Judge
       Mary Lou Wilson
       McDonald Carano LLP/Reno
       Storey County District Attorney
       Storey County Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.