IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DEMARTINI,
Appellant,
vs.
CITY OF RENO; AND HEINZ RANCH
LAND COMPANY, LLC,
Respondents.

No. 82331

FILED

MAR 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER AFFIRMING IN PART AND VACATING IN PART

This is an appeal from a district court order denying a petition for judicial review of a municipal land use decision. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

The district court found that appellant lacked standing and denied the petition in part on that basis. "Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). In the context of an appeal of a planning commission's decision, a person who (i) has appealed such a decision to the governing body, and (ii) is "aggrieved" by the governing body's decision has standing to seek judicial review. NRS 278.3195(4); *see* NRS 278.3195(1)(a) (stating that "each governing body shall adopt an ordinance that any person who is aggrieved" by a decision of the planning commission may appeal the decision to the governing body); *Kay v. Nunez*, 122 Nev. 1100, 1106, 146 P.3d 801, 806 (2006). Appellant Michael DeMartini asserts that he has standing to seek judicial review of a decision of the Reno City Council—to affirm the planning commission's conditional grant of Heinz Ranch's request for a tentative map in connection with Phase 1A of its StoneGate

22-06875

planned unit development—because he is aggrieved by it within the meaning of NRS 278.3195(4).

NRS 278.3195 only defines the term "aggrieved" for counties with populations over 700,000. NRS 278.3195(1). But, as appellant concedes, the population of Washoe County, where the Reno City Council sits, is below that threshold. Instead of NRS 278.3195(1), the Reno Municipal Code ("RMC") applies and provides that an "aggrieved person is one whose personal right or right of property is adversely and substantially affected by the action of a discretionary body." RMC 18.24.203.230 (2019) (now codified at RMC 18.09 art. 4 (eff. Jan. 13, 2021)); *see also City of N. Las Vegas v. Eighth Judicial Dist. Court*, 122 Nev. 1197, 1206, 147 P.3d 1109, 1115 (2006) (noting that the amendment to NRS 278.3195 "was not intended to preclude ordinances from . . . addressing who may appeal from a planning commission decision").

Here, appellant has not shown that his personal right or right of property is adversely and substantially affected by the City Council's decision, and so he does not have standing. He argues that the City Council's affirmance of the conditional approval of the tentative map will impact his property and water rights. But he does not explain where exactly his property is in relation to the affected area, nor does he express *how* he will be impacted or his rights impaired by the decision. And while appellant previously stated that Heinz Ranch is planning to exclude him from its sewer line and take 1,000 acre feet of his water rights, he does not cogently relate these concerns about future issues to the specific decision by the City Council that he challenges. *See Edwards v. Emperor's Garden Rest.*, 122

Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that it is appellant's duty to cogently argue in support of his appellate concerns).

Appellant attempts to avoid this result by asserting that he is necessarily aggrieved for the purposes of judicial review because the City Council already found that he is aggrieved, relying on *Kay v. Nunez*, 122 Nev. 1100, 146 P.3d 801 (2006). But *Kay v. Nunez* only decided that, in counties over a specific population threshold, the same statutory definition of "aggrieved" applies both when a person appeals to the governing body and when that person ultimately files a petition for judicial review. *Id.* at 1107, 146 P.3d at 806. This does not mean that a court ruling on a petition for judicial review is categorically bound by the governing body's determination of whether a person is aggrieved. *Cf. City of N. Las Vegas*, 122 Nev. at 1207, 147 P.3d at 1116 (observing that while the North Las Vegas City Council has discretion to determine if an appellant meets the aggrievement standard, given appellant's insufficient affidavit, the City Council erred in finding her aggrieved). *Kay* could not have so held, because NRS 278.3195 describes two separate determinations: under subsection one, the governing body determines if the appellant is aggrieved by the decision of a specified entity, such as the planning commission; and under subsection four, the district court determines if the petitioner is aggrieved by the decision of the governing body. Applying this law, the district court appropriately found that appellant is not aggrieved. Accordingly, we affirm its decision as to appellant's lack of standing, and we vacate its decision on the merits of appellant's petition, which we do not reach given appellant's lack of standing to assert those issues.

Accordingly, we

ORDER the district court's judgment AFFIRMED IN PART AND VACATED IN PART.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:  Hon. Scott N. Freeman, District Judge
     Lansford W. Levitt, Settlement Judge
     Simons Hall Johnston PC/Reno
     McDonald Carano LLP/Reno
     Reno City Attorney
     Washoe District Court Clerk