IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY DEPARTMENT OF AVIATION, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,
Appellant,
vs.
SOUTHERN NEVADA LABOR MANAGEMENT COOPERATION COMMITTEE, BY AND THROUGH ITS TRUSTEES TERRY MAYFIELD AND CHRIS CHRISTOPHERSEN; AND OFFICE OF THE LABOR COMMISSIONER,
Respondents.

No. 83252

**FILED**

SEP 2 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING

This is an appeal from a district court order granting a petition for judicial review of a decision by the Labor Commissioner to reject a complaint alleging prevailing wage law violations, and remanding for determination of the wages due. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Clark County Department of Aviation (DOA) invited bids for a year-long contract for carpet replacement work at McCarran International Airport. The invitation did not require bidding contractors to comply with NRS 338.020, Nevada's prevailing wage law. NRS 338.020 requires payment of prevailing wage where a "public body" finances certain projects with "public money," provided those projects are not for "normal maintenance." *See* NRS 338.010(18) (defining public body); NRS 338.010(19) (defining public work in terms of "a project financed in whole or

SUPREME COURT
OF
NEVADA

(O) 1947A

22-30455

in part from public money . . . "); NRS 338.011(1) (stating that the prevailing wage law does not apply to contracts for "normal maintenance" in compliance with NRS Chapter 332).

Respondent Southern Nevada Labor Management Cooperation Committee (LMCC) filed a complaint against the DOA with the nominal respondent Office of the Labor Commissioner (OLC), asserting prevailing wage law violations. The DOA responded that the prevailing wage law did not apply to the carpet work for two reasons: (1) the DOA paid for the work out of operating funds, not "public money" and was therefore not a "public work"; and (2) the work involved "normal maintenance" of worn carpet tiles as needed throughout the airport and was therefore exempt under NRS 338.011(1). After investigation and document review, but without a hearing, the OLC issued a written decision rejecting LMCC's complaint. In its decision, the OLC found no prevailing wage law violations because "the work in question [was] not paid for with public money." The OLC did not reach or resolve DOA's "normal maintenance" argument.

LMCC filed a petition for judicial review, which the district court granted. In *Bombardier Transportation (Holdings) USA, Inc. v. Nev. Labor Comm'r*, we held that a different DOA project at the McCarran Airport was financed by public money and therefore subject to the prevailing wage law. 135 Nev. 15, 19, n.3, 433 P.3d 248, 253, n.3 (2019). *Bombardier* rejected the argument that work paid for "with normal operating funds" automatically falls outside the prevailing wage statutes and stated that "the financing language in the statute does not require a particular type of funding, only that the project be financed by public money, which the contract was." *Id.* Finding no difference between the "public money" arguments addressed in *Bombardier* and those raised in this

case, the district court reversed the OLC's decision on the "public money" issue. But the district court did not stop there. Even though the OLC neither decided nor made findings on DOA's alternative "normal maintenance" argument, the district court decided that issue as well. The district court found that "the contract at issue was not a maintenance contract" and, after additional motion practice, remanded to the OLC "to use applicable prevailing wage rates to determine the value of wages due and ensure that the unpaid wages are properly paid," tasks the district court deemed ministerial.[1]

The DOA appeals the district court's "public money" and "normal maintenance" determinations. This court reviews an agency's decision under the same standard as the district court, without deference to the district court's decision, and "determine[s], based on the administrative record, whether substantial evidence supports the administrative decision." *Bombardier*, 135 Nev. at 18, 433 P.3d at 252 (quoting *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006)). The reviewing court defers to the agency's findings of fact but reviews its legal conclusions de novo. *Id.* Consistent with this standard, it is the duty of the administrative agency to state its findings of fact and conclusions of law in the final agency decision. *See* NRS 233B.125.

The DOA asks us to reverse the district court's decision and to affirm, or remand to the OLC, on the public money question. But the DOA's opening brief simply identifies the issue, then states without analysis that

---

[1]The district court deemed these calculations "ministerial," and we agree. The district court's order thus was final and appealable because it resolved all claims between all the parties, and remanded only for ministerial calculations as to the amount of the award. *See Bally's Grand Hotel & Casino v. Reeves*, 112 Nev. 1487, 1489, 929 P.2d 936, 937 (1996).

 

substantial evidence supports the OLC's original finding. The DOA does not acknowledge, much less distinguish, *Bombardier*. Our review of the limited agency record supports the district court's decision that *Bombardier* controls. While our review is without deference to the district court, it was nonetheless incumbent on the DOA as the appellant to offer cogent argument and authority to support a different outcome than *Bombardier* seemingly dictates. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). We therefore affirm the district court's decision in part, to the extent that it reversed the OLC's determination that the project's funding was not public money.

The district court further decided that the project was not normal maintenance. But it did so without the benefit of any findings or a hearing on the question by the OLC, which logically closed the complaint after finding that the prevailing wage law did not apply because the project was not funded by public money. Both the DOA and LMCC try to marshal contractual terms and make representations to support their respective positions on whether the project was normal maintenance or not. The LMCC emphasizes the square footage of carpet tiles involved, the fact they were purchased in bulk, and the DOA's (allegedly bad-faith) piecemeal approach to installing it; the DOA responds with the entire square footage of the airport and represents that the contract serves its ongoing need to remove and replace worn or damaged carpet tiles in various areas throughout the airport over the course of the year. But these are mixed questions of law and fact that the law entrusts to the OLC in the first instance. *See Bombardier*, 135 Nev. at 27, 433 P.3d at 258 (recognizing that the OLC benefitted from having the "complete record from which to ascertain the facts and resolve the case" and upholding its decision as to

whether the contract was normal maintenance based on substantial evidence); *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996) (noting that mixed questions of law and fact are entitled to deference and the agency's conclusions will not be disturbed by this court if they are supported by substantial evidence). Under NRS 233B.135(3), it is appropriate to remand this case to the OLC for an unrestricted hearing and determination on the scope of the carpet work and whether, and if so to what extent, such work is exempt from the prevailing wage law as maintenance.

Accordingly, we affirm in part, vacate in part, and remand to the district court to order the matter remanded to the OLC to hear and determine whether any portion or the whole of the project was normal maintenance.

It is so ordered.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc:    Hon. Kathleen E. Delaney, District Judge
Fisher & Phillips LLP
Attorney General/Carson City
Christensen James & Martin
Eighth District Court Clerk

